IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

_____
                                                    )
**TURNER CONSTRUCTION COMPANY,**      )
                                                    )
       **Plaintiff,**                           )
                                                    )
   **v.**                                              )   **CASE NO. 1:16-cv-00062-IMK**
                                                    )   **JUDGE IRENE M. KEELEY**
**INDEPENDENCE EXCAVATING, INC.,**    )
                                                    )
       **Defendant.**                        )
                                                    )
**And**                                             )
                                                    )
**INDEPENDENCE EXCAVATING, INC.,**    )
                                                    )
       **Counter Claimant,**             )
                                                    )
   **v.**                                              )
                                                    )
**TURNER CONSTRUCTION COMPANY,**      )
                                                    )
       **Counter Defendant.**            )
_____)

## TURNER CONSTRUCTION COMPANY'S ANSWER TO COUNTERCLAIM

     Plaintiff, Turner Construction Company ("Turner"), by and through undersigned counsel, hereby answers the Counterclaim filed by Defendant, Independence Excavating, Inc. ("IX") upon information and belief as follows:

     1.    Turner admits the allegations in paragraph 1.

     2.    Turner admits the allegations contained in paragraph 2.

     3.    Paragraph 3 calls for legal conclusions to which no response is required, except to the extent it avers underlying facts which Turner admits.

4. Paragraph 4 calls for legal conclusions to which no response is required.

5. Paragraph 5 calls for legal conclusions to which no response is required, except to the extent it avers underlying facts which Turner admits. Turner notes that the case has been transferred from the Western District of Pennsylvania to the Northern District of West Virginia. Turner reserves all rights with regard to the transfer.

6. The Subcontract is a document that speaks for itself and, therefore, denies all allegations inconsistent therewith.

7. Turner is without knowledge or belief sufficient to admit or deny the allegations in Paragraph 7 of the Counterclaim and, therefore, denies same.

8. The Subcontract is a document that speaks for itself and, therefore, Turner denies all allegations in Paragraph 8 inconsistent therewith.

9. Turner denies the allegations contain in paragraph 9.

10. Turner denies the allegations contain in paragraph 10.

11. Turner denies the allegations contain in paragraph 11.

12. Turner denies the allegations contain in paragraph 12.

13. Turner admits only that it promptly notified IX that IX negligently failed to provide and/or perform professional services required under the Subcontract including, but not limited to, performing tests on the fill it supplied as required by the Project Specifications to verify that the fill supplied by IX met the Subcontract requirements and, as a result, the Project experienced significant movement, shifting, cracking, settlement, and damage to certain structures constructed on the site, including the Plaza Walls, Wall 7, and the slab on grade inside of Building 9. Turner denies the remaining allegations in paragraph 13.

14. Turner is without knowledge or belief sufficient to admit or deny the allegations in Paragraph 14 of the Counterclaim and, therefore, denies same.

15. Turner admits only that it directed IX to proceed with the remediation of its work. Turner lacks sufficient knowledge to admit or deny the allegation that the total cost to IX of the work was $2,279,190, and therefore denies same.

16. Turner is without knowledge or belief sufficient to admit or deny the allegations in Paragraph 16 and, therefore, denies same.

17. Turner denies the allegations contain in paragraph 17.

## COUNT I – Breach of Contract

18. Turner incorporates by reference its answers to paragraphs 1 through 17 as if fully set forth herein.

19. Turner denies the allegations contained in paragraph 19.

20. Turner denies the allegation contained in paragraph 20 that it breached the Subcontract. Turner lacks sufficient knowledge to admit or deny the allegation that IX incurred damages in excess of $2,861,306.37 and therefore denies same.

21. Turner denies the allegations contained in paragraph 21.

## COUNT II – Action on Account

22. Turner incorporates by reference its answers to paragraphs 1 through 21 as if fully set forth herein.

23. IX's invoices are documents which speak for themselves and, therefore, Turner denies any allegations in paragraph 23 inconsistent therewith.

24. Turner denies the allegations contained in paragraph 24.

25. Turner denies the allegations contained in paragraph 25.

26. Turner denies the allegations contained in paragraph 26.

## COUNT III – Declaratory Judgment

27. Turner incorporates by reference its answers to paragraphs 1 through 26 as if fully set forth herein.

28. Turner admits the allegations contained in paragraph 28.

29. The allegations contained in paragraph 29 constitute a legal conclusion to which no response is required. To the extent that the Court deems an answer necessary, Turner denies the allegations contained therein.

WHEREFORE, having fully answered the allegations contained in Defendant's Counterclaim, Turner requests that Defendant's Counterclaim be dismissed and that Turner be granted such other relief as the Court may deem just and proper.

## AFFIRMATIVE AND ADDITIONAL DEFENSES

Pursuant to Fed. R. Civ. P. 12, Turner asserts the following affirmative and additional defenses to the Counterclaim:

1. Failure to state a claim upon which relief may be granted.

2. The Counterclaim is barred by the doctrine of first material breach.

3. The Counterclaim is barred by Defendant's preemptory breach of contract.

4. The Counterclaim is barred by the Defendant's failure to mitigate its damages.

5. The Counterclaim is barred by set-off and/or recoupment.

6. The Counterclaim is barred by the doctrine of waiver.

7. The Counterclaim is barred by the doctrine of estoppel.

8. Defendant's claims are barred by the doctrine of accord and satisfaction.

9. Defendant's claims are barred by the doctrine of unclean hands.

10. Defendant's claims are barred by the doctrine of payment.

Turner reserves the right to amend its Answer to the Counterclaim and assert additional affirmative defenses as they become known to Turner throughout this litigation.

April 28, 2016

                                         Respectfully submitted,

                                         /s/ M. David Griffith, Jr.
                                         M. David Griffith, Jr. (WVSB # 7720)
                                         THOMAS COMBS & SPANN, PLLC
                                         300 Summers Street, Suite 1380
                                         Charleston, WV  25301
                                         Phone: (304) 414-1800
                                         Fax: (304) 414-1801
                                         Email: dgriffith@tcspllc.com

                                         /s/ Stephen M. Seeger
                                         Stephen M. Seeger (Admitted Pro Hac Vice)
                                         Peckar & Abramson, P.C.
                                         2055 L Street, N.W., Suite 750
                                         Washington, D.C. 20036
                                         Phone: (202) 293-8815
                                         Fax: (202) 293-7994
                                         Email: sseeger@pecklaw.com

                                         *Counsel for Turner Construction Company*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| **TURNER CONSTRUCTION COMPANY,** | ) |
| **Plaintiff,** | ) |
| v. | ) CASE NO. 1:16-cv-00062-IMK |
| | ) JUDGE IRENE M. KEELEY |
| **INDEPENDENCE EXCAVATING, INC.,** | ) |
| **Defendant.** | ) |
| And | ) |
| **INDEPENDENCE EXCAVATING, INC.,** | ) |
| **Counter Claimant,** | ) |
| v. | ) |
| **TURNER CONSTRUCTION COMPANY,** | ) |
| **Counter Defendant.** | ) |

## **CERTIFICATE OF SERVICE**

I, M. David Griffith, Jr., counsel for Turner Construction Company, hereby certify that on 28th day of April 2016, I electronically filed "**TURNER CONSTRUCTION COMPANY'S ANSWER TO COUNTERCLAIM**" with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

E. Ryan Kennedy
Robinson & McElwee, PLLC
140 W. Main Street
Suite 300
Clarksburg, WV 26301-2914
(304) 622-5022

*Counsel for Independence Excavating, Inc.*

/s/ M. David Griffith, Jr.
M. David Griffith, Jr. (WVSB # 7720)
THOMAS COMBS & SPANN, PLLC
300 Summers Street, Suite 1380
Charleston, WV  25301
Phone: (304) 414-1800
Fax: (304) 414-1801
Email: dgriffith@tcspllc.com

7